Michael R. Johnson, Esq. (A7070)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com
Email: dleigh@rqn.com

*Counsel for Steven R. Bailey, Chapter 7 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**EMPIRE SOLAR GROUP, LLC,**<br><br>Debtor. | **Bankruptcy Case No. 21-23636**<br><br>Chapter 7<br><br>Honorable Joel T. Marker |
| **STEVEN R. BAILEY,** Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>**CR SOLAR, LLC**, a Utah limited liability company,<br><br>Defendant. | Adversary No. _____<br><br>(Filed via ECF) |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL
TRANSFERS**

Plaintiff, Steven R. Bailey (the "**Trustee**"), Chapter 7 trustee of the estate of Empire

Solar Group, LLC (the "**Debtor**"), through counsel, hereby files this *Complaint for Avoidance*

*and Recovery of Preferential Transfers* against Defendant CR Solar, LLC ("**CR Solar**" or

"**Defendant**"), and states, alleges and avers as follows:

## JURISDICTION AND VENUE

1.     On August 22, 2021 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Utah (the "**Bankruptcy Court**").

2.     The Trustee is the duly appointed, qualified and acting Chapter 7 trustee of the Debtor's bankruptcy estate.

3.     On information and belief, Defendant is a Utah limited liability company with its principal place of business at 2463 North Hill Field Road, Layton, Utah 84041.

4.     This Court has jurisdiction over the subject matter of this action and over each of the parties to this adversary proceeding pursuant to 28 U.S. C. §§ 1334(b) and 157(a), (b) and (c), Fed. R. Bankr. P. 7001, and DU Civ. R. 83-7.1(a).

5.     This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E), (F), and (O).

6.     Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409, because the Debtors' case is pending before the Bankruptcy Court.

## GENERAL ALLEGATIONS

7.     Prior to the Petition Date, the Defendant was a vendor to the Debtor who provided goods or services to the Debtor on an unsecured credit basis.

8.     At all material times, the Debtor maintained one or more bank accounts at Uinta Bank, including a bank account ending in the account number 1288 (the "**Debtor Account**").

9.     Between May 24, 2021, and the Petition Date (the "**Preference Period**"), the

Debtor made from the Debtor Account, and Defendant accepted, payments totaling $56,943.20

(the "**Preference Period Payments**").

10.    The Trustee, through his financial advisors at Rocky Mountain Advisory, has

reviewed the financial transactions between the Debtor and the Defendant during the Preference

Period, and has conducted a new value analysis to determine the amount of new value the

Defendant is entitled to offset against the Preference Period Payments.

11.    As a result of that analysis, the Trustee has determined that, during the

Preference Period, the Defendant received avoidable and recoverable preferential transfers (the

"**Preferences**") in the amount of $38,202.40.

12.    The dates, amounts and descriptions of the Preferences, after applying the new

value analysis, are itemized **Exhibit "A"** attached hereto.

13.     While certain Preferences are itemized in **Exhibit "A,"** this Complaint should

not be construed as limiting the Trustee's claims to only the transfers identified therein or the

causes of action set forth in this Complaint.

14.    Rather, the Trustee seeks to avoid and recover from Defendant any transfer of an

interest of the Debtor in property to or for the benefit of Defendant that would be avoidable and

recoverable under Sections 544, 547, 548, 549, 550 and/or 551 of the Bankruptcy Code.

15.    While certain transfers to Defendant are pleaded with particularity, including

those listed on **Exhibit "A,"** this Complaint should be construed to seek to avoid, and to seek

judgment against Defendant based upon, all transfers of property that are avoidable under

applicable bankruptcy law, irrespective of whether such transfers are or are not pleaded with

particularity.

**FIRST CLAIM FOR RELIEF**
*(Avoidance of Preferential Transfers under 11 U.S.C. § 547(b))*

16.    The Trustee realleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

17.    After giving Defendant the benefit of new value provided to the Debtor after payments were made to Defendant, the Preferences in the amount of $38,202.40 were made to Defendant within ninety (90) days of the Petition Date.

18.    The Defendant was a creditor of the Debtor at the time the Preferences were made.

19.    The Preferences constituted transfers of an interest of the Debtor in property because the Preferences were made from the Debtor Account.

20.    The Preferences were made to or for the benefit of the Defendant, within the meaning of 11 U.S.C. § 547(b)(1), because the Preferences either reduced or satisfied a debt then owed by the Debtor to the Defendant.

21.    The Preferences were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Preferences were made.

22.    The Debtor was insolvent at the time the Preferences were made, because the sum of its debts was greater than the fair value of its assets.  Further, the Debtor is presumed insolvent during the 90-day period prior to filing for bankruptcy protection.

23.    The Preferences enabled the Defendant to receive more than the Defendant would have received if (a) the Debtor's case was brought under Chapter 7 of the Bankruptcy Code, (b) the Preferences had not been made, and (c) the Defendant had received payment of

such debt to the extent provided by the Bankruptcy Code.

24.     For these reasons, the Trustee may avoid the Preferences under Section 547(b) of

the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
*(Recovery of Avoided Transfers Under 11 U.S.C. §§550 and 551)*

25.     The Trustee realleges and incorporates herein by reference each of the preceding

allegations as if set forth completely herein.

26.     As set forth above, the Preferences identified herein are avoidable under § 547(b)

of the Bankruptcy Code.

27.     The Trustee is entitled to recover the Preferences from the Defendant and

preserve their value for the benefit of the Debtor's estate, pursuant to 11 U.S.C. §§ 550(a) and

551.

28.     Specifically, the Trustee is entitled to recover from Defendant and obtain a

money judgment against the Defendants in the total amount of $38,202.40, or such other

amount as the Court deems just and proper.

29.     Furthermore, the Trustee is entitled to recover pre- and post-judgment interest on

the foregoing amounts from the Petition Date until the date of payment at the rate established by

28 U.S.C. § 1961 that was in effect on the date of filing of this action.

## THIRD CLAIM FOR RELIEF
*(Disallowance-11 U.S.C. § 502(d))*

30.     The Trustee realleges and incorporates herein by reference each of the preceding

allegations as if set forth completely herein.

31.     The Preferences are avoidable by the Trustee under 11 U.S.C. §§ 547(b), as set

forth more fully herein.

32.     To the extent that the Defendant has or will file or assert claims against the

estate, including but not limited to general unsecured claims, priority claims, secured claims or

administrative claims, its claims must be disallowed by the Court under 11 U.S.C. § 502(d)

unless and until Defendant repays the Preferences, plus interest thereon.

## FOURTH CLAIM FOR RELIEF
*(Unjust Enrichment)*

33.     The Trustee realleges and incorporates herein by reference each of the preceding

allegations as if set forth completely herein.

34.     The Preferences Defendant received came from property of the Debtor.

35.     The Preferences conferred a benefit on the Defendant.

36.     The Defendant knowingly benefited from the Preferences.

37.     Allowing the Defendant to retain the Preferences or to retain the benefit from the

Preferences would unjustly enrich Defendant and would be inequitable to creditors in this case.

38.     Absent return of the Preferences, the estate and creditors of the estate will be

damaged by the Defendant's unjust enrichment and they may have no adequate remedy at law.

39.     The Trustee is entitled to judgment against the Defendant requiring the

Defendant to disgorge the amount of $38,202.40, or such other amounts as the Bankruptcy

Court finds may be due and owing, plus prejudgment interest from the Petition Date at the

federal postjudgment interest rate as of January 1 of the year the complaint was filed, plus 2%,

until the judgment is entered, as established by *Utah Code Ann.* § 15-1-4, plus postjudgment

interest accruing from the date of entry of the judgment at the federal postjudgment interest rate

as of January 1 of the year the judgment is entered, plus 2%, until it is paid in full, as

established by *Utah Code Ann.* § 15-4-1(3)(a) and (b).

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully prays for relief as follows:

A.      Pursuant to the Trustee's First Claim for Relief, judgment against the Defendant

avoiding the Preferences under 11 U.S.C. § 547(b) in the amount of $38,202.40, or such other

amount as the Bankruptcy Court finds may be due and owing, plus pre- and post-judgment

interest thereon from the Petition Date until the date of payment at the rate established by 28

U.S.C. § 1961 that was in effect on the date of filing of this action.

B.      Pursuant to the Trustee's Second Claim for Relief, judgment against the

Defendant recovering and preserving for the benefit of the estate under 11 U.S.C. §§ 550 and

551 all avoided transfers in the amounts described herein (i.e., $38,202.40) or in such other

amounts as the Bankruptcy Court finds may be due and owing, and also awarding plus pre- and

post-judgment interest thereon from the Petition Date until the date of payment at the rate

established by 28 U.S.C. § 1961 that was in effect on the date of filing of this action.

C.      Pursuant to the Trustee's Third Claim for Relief, disallowance of any claims

asserted by the Defendant, until all Preferences are returned with interest, pursuant 11 U.S.C. §

502(d).

D.      Pursuant to the Trustee's Fourth Claim for Relief, judgment against the Defendant

for unjust enrichment and awarding money damages in the amount of $38,202.40, or such other

amount as the Bankruptcy Court finds may be due and owing, plus prejudgment interest from the

Petition Date at the federal post-judgment interest rate as of January 1 of the year the complaint

was filed, plus 2%, until the judgment is entered, as established by *Utah Code Ann.* § 15-1-4,

plus post-judgment interest accruing from the date of entry of the judgment at the federal post-

judgment interest rate as of January 1 of the year the judgment is entered, plus 2%, until it is paid

in full, as established by *Utah Code Ann.* § 15-4-1(3)(a) and (b).

      E.      Awarding the Trustee all costs and expenses, including attorneys' fees and costs,

to the extent allowed or authorized by law.

      F.      Awarding the Trustee such other and further relief as is just and warranted.

      DATED this 22nd day of August, 2023.

RAY QUINNEY & NEBEKER P.C.

/s/ Michael R. Johnson
Michael R. Johnson
David H. Leigh
*Attorneys for the Chapter 7 Trustee*

# EXHIBIT A

**Rocky Mountain Advisory**
Empire Solar Group, LLC, Case No. 21-23636
Preference Analysis - CR Solar, LLC
Including New Value Provided by CR Solar, LLC
Data from NetSuite General Ledger
For the Period of May 24, 2021 through August 22, 2021

Schedule 8

| Date Paid | Clear Date | Check No. | Payment Amount | Invoice Date | Invoice Number | Invoice Amount | Days Outstanding | New Value Unpaid Invoices | Running Preference Balance | FN |
|---|---|---|---|---|---|---|---|---|---|---|
| 7/12/2021 | 7/13/2021 | ACH | $24,507.20 | 6/24/2021 | Johnson | $24,507.20 | 19 | $0.00 | $24,507.20 | |
| 7/12/2021 | 7/13/2021 | ACH | $10,091.20 | 6/30/2021 | OConnell | $10,091.20 | 13 | $0.00 | $34,598.40 | |
| 7/13/2021 | 7/15/2021 | ACH | $22,344.80 | 7/1/2021 | Gerlach | $22,344.80 | 14 | $0.00 | $56,943.20 | |
| | | | | 7/12/2021 | Roddy | $18,740.80 | | $18,740.80 | $38,202.40 | |
| **Total and Ending Balance** | | | **$56,943.20** | | | **$75,684.00** | | **$18,740.80** | **$38,202.40** | |